IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK AND PHYLLIS VAN METER,

       Plaintiffs,

v.                                                                          No.   CIV 04-0107- BB/WDS

MR. Z OF ALBUQUERQUE, LLC;
GEORGE J. GONZALES and
GREAT AMERICAN INSURANCE COMPANY

       Defendants.

**MOTION  FOR SUMMARY JUDGMENT**
**AGAINST DEFENDANT GREAT AMERICAN INSURANCE COMPANY**

      Plaintiffs move the Court for summary judgment against Defendant Great American

Insurance Company, holding that it is liable to pay all compensatory damages and attorneys' fees

and costs this Court awarded in its default judgment against Defendant Mr. Z of Albuquerque,

LLC.  There is no genuine issue as to any material fact and Plaintiffs are entitled to judgment as

a matter of law.  A brief in support of this motion is filed concurrently.

      Defendant Great American opposes this motion.


                  Respectfully submitted,

                  FEFERMAN & WARREN

                  *Filed Electronically on 03/11/05*
                  Susan Warren
                  Attorneys for Plaintiffs
                  300 Central Avenue, S.W., Suite 2000 East
                  Albuquerque, N.M. 87102
                  (505) 243-7773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK AND PHYLLIS VAN METER,

      Plaintiffs,

v.                                No.   CIV 04-0107- BB/WDS

MR. Z OF ALBUQUERQUE, LLC;
GEORGE J. GONZALES and
GREAT AMERICAN INSURANCE COMPANY

      Defendants.

## BRIEF IN SUPPORT OF MOTION  FOR SUMMARY JUDGMENT

**I.    Introduction**

Plaintiffs Mark and Phyllis Van Meter ("the Van Meters") brought suit against Defendant Mr. Z of Albuquerque, LLC, a car dealership, and its salesman, George J. Gonzales,[1] alleging odometer fraud.  The Van Meters also brought suit against Defendant Great American Insurance Company ("Great American"), because it provides the surety bond New Mexico requires for Mr. Z to be licensed as a car dealership.

The law is clear that Great American's liability is derivative of Mr. Z's.  Once liability has been established against Mr. Z, Great American is liable to pay for any loss, including attorneys' fees and costs, awarded against Mr. Z.  The Van Meters obtained a default judgment against Mr. Z.  Great American failed to object to the default, or to take any action to defend against liability being established against Mr. Z. A hearing was held on damages, at which Great American appeared and participated  Great American must pay those damages.  Great American is not entitled to a separate trial now on liability, because its liability is based solely on Mr. Z's liability,

---

[1]Mr. Gonzales filed for bankruptcy.

which has been established.

Because there are no issues of material fact and the Van Meters are entitled to a judgment against Great American under the law, the Court should grant the Van Meters' motion for summary judgment.

## II.    Statement of Material Facts

1.    Great American held the dealer's bond for Mr. Z during the relevant time period. Answer, Great American, ¶5; Copy of bond (Exhibit A).

## III.    Great American is Liable for Mr. Z's Compensatory Damages and Attorneys' Fee and Costs

Great American Insurance is jointly and severally liable for the compensatory damages this Court awarded against Defendant Mr. Z, and for any award of attorneys' fees and costs. *See*, NMSA 1978 § 66-4-7(A).  The dealer's bond covers any "loss, damage and expense sustained by the purchaser...by reason of any fraudulent misrepresentations." *Id.  See also, Morey v. Miano,* 141 F.Supp. 2d 1061 (DNM 2001)(bond statute is applicable to fraud in the sale of a vehicle); *Yoakum v. Western Casualty and Surety Company,* 75 NM 529 (1965)(car dealer bond covers attorneys' fees and costs).

The Court has issued a judgment against Mr. Z for its fraudulent misrepresentations and omissions about the mileage on the truck it sold to the Van Meters. Great American claims that it is not bound by the default judgment against Mr. Z.  Great American argues that it is entitled to a separate trial on liability.  Great American is wrong.  Great American is bound by the default judgment against its principal.

The language of the bond statute is clear. Great American must pay for any "loss, damage or expense" incurred by the Van Meters as a result of Mr. Z's fraudulent misrepresentation.  Mr.

Z's liability for fraud has been established by its default. *Burge v. Mid-Continent Casualty Company,* 123 N.M. 1 (1996).

### A.     The Law is Clear that Great American is Liable for the Judgment Against Mr. Z's

The statute covering suits against surety companies states:

[A]ny company who shall execute or guarantee any recognizances, stipulation, bond or undertaking **shall be estopped in any proceeding to enforce the liability which it shall have assumed to incur, to deny its corporate power to execute or guarantee such instrument or assume such liability.** (emphasis added).

NMSA 1978 §46-6-5**.**

The issue presented here was decided in *Yoakum v. Western Casualty and Surety Company,* 75 N.M 529 (1965).  There the New Mexico Supreme Court stated that the:

surety's liability is limited by its surety agreement given in compliance with [the bonding statute]...The obligation assumed by the Surety is that required by the statute and, **when the conditions set forth upon which liability depends have come to pass, absent fraud or collusion, no reasons whereby liability might have been averted will be considered.**

*Id. at* 531-32 (emphasis added).  Similarly, in *State Ex Rel Dar Tile Co. v. Glen Falls Ins. Co.,* 78 N.M. 435 (1967), the Supreme Court stated that a judgment against a contractor was "conclusive and the surety's liability to pay the judgment was not subject to collateral attack in the absence of any evidence of fraud or collusion."  For at least 40 years, bonding companies have known that in New Mexico, once the liability of the principal is established, they can not contest it.  *See also,* A*ppleman on Insurance Law and Practice* (1st Ed), § 6353; *Massachusetts Bonding and Insurance Corporation v. Central Finance Corporation, 2*37 P.2d 1079 (Col. 1951)(surety liable for paying default judgment against dealership); *Drill South v. International Fidelity Insurance Company,* 234 F.3d 1232 (11th Cir. 2000)(general rule is that a surety is bound by a judgment

3

against its surety when it had both notice and opportunity to defend). Great American has not made any allegations of collusion or fraud. *See,* Great American's Answer.

"Sureties are, in a limited sense, parties to proceedings against their principals, but generally they must leave the conduct of a case to such principals.  Such a principal may, for example, choose what steps to take regardless of the surety's consent, and the surety may be bound thereby." *Appleman, supra at* §11523.

> In fact, in the absence of fraud or collusion, it is usually held that the surety is concluded by the determination against the principal and in favor of the obligee. Thus such a judgment would not be subject to collateral attack by the surety, and an attempt to raise a defense which might have been valid if raised directly could not be invoked in the suit against the surety.

*Id.*

Great American had every opportunity to defend its principal in this case. It failed to take any action to avoid liability being established against its principal, and it has now waived any right to do so.  Great American was sued along with the principal, and the Van Meters served Great American with a copy of the motions for entry of default and for default judgment.  Great American could have defended against the entry of default and the default judgment.  It chose to take no action, but rather to allow a default judgment to be granted.  Mr. Z's liability is now law of the case.  *U.S. v. Webb,* 98 F.3d 585, 587 (10th Cir. 1996).  Great American is bound under the law by this judgment against Mr. Z.

**B.     The Language of the Bond Itself Shows that Great American is Liable**

A bond is a contract, and a surety's liability can be determined by the language of the contract.  *Khalsa v. Levinson,* 133 NM 206, 208 (Ct.App. 2002).  "Sureties should not be excused except for the best of reasons, and a liberal construction should be indulged against them.  *Id. at*

209 (citations omitted).

The language of the bond contract between Great American and Mr. Z shows that it is liable for the default judgment against Mr. Z. "If the above bounden principal shall well and truly comply with the provisions of Section 66-4-7 NMSA 1978 Comp., as amended, and all subsequent amendments thereto, then no liability shall attach to the surety on this bond. (Exhibit A, highlighted portions). Here, the principal did **not** comply with Section 66-4-7 because it made fraudulent misrepresentations and omissions to the Van Meters. Therefore, liability attaches to Great American on this bond.

The bond further states that "we bind ourselves...jointly, severally, and firmly by these presents." (Exhibit A, highlighted portions). The bond itself makes clear that Great American's liability is not to be determined separately, but rather is derivative of the car dealer's liability. The entire purpose of the bond is to guarantee payment to consumers for loss caused by a dealer's fraud, when the dealership is no longer in business or has filed for bankruptcy.

## IV.    Conclusion

Because Great American's liability is based solely on Mr. Z's liability, Great American's liability has been established. There is no basis in the law for a trial on Great American's liability. There is no dispute as to the material fact that Great American held the bond for Mr. Z during the relevant time period. The Van Meters are entitled under the law to summary judgment against Great American.

Respectfully submitted,

FEFERMAN & WARREN

*Filed Electronically on 03/11/05*

Susan Warren
Attorneys for Plaintiffs
300 Central Avenue, S.W., Suite 2000 East
Albuquerque, N.M. 87102
(505) 243-7773