IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

MARK AND PHYLLIS VAN METER,

      Plaintiffs,

v.                                      No. CIV O4-0107 BB/WDS

MR. Z OF ALBUQUERQUE, LLC; GEORGE J.
GONZALES and GREAT AMERICAN INSURANCE
COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court for consideration of motions for summary judgment filed by Defendant Great American Insurance Company (Doc. 46) and Plaintiff (Doc. 53). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that both motions will be denied.

      **Summary of the Facts:** Plaintiff filed suit against Defendants, raising claims arising out of the sale of a vehicle. Defendant Great American ("GAI") is named as the surety of a bond issued to Defendant Mr. Z, a motor vehicle dealer, pursuant to the requirements of NMSA § 66-4-7. Plaintiff alleged that Mr. Z replaced the odometer in the vehicle with a different odometer showing a reading of under 100,000 miles, even though the actual mileage on the vehicle was well over 200,000 miles at the time. Plaintiff's claims against Mr. Z, GAI's principal on the bond, included violation of the federal statute popularly known as the Odometer Act, violation of the New Mexico Unfair Practices Act, and common-law claims of fraud and misrepresentation. GAI and Defendant Gonzales answered the complaint but Mr. Z failed to do so. Defendant Gonzales

later filed for bankruptcy and was dismissed from the case, for statistical purposes only, by order of the Court. [Doc. 31]  Following entry of a clerk's default against Mr. Z, the Court held a hearing on damages and entered a default judgment against Mr. Z.  [Doc. 43]  Both GAI and Plaintiff then filed for summary judgment.

**Standard of Review:**   "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)).  "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party."  Id.  On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).   "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question."  Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995).  The Court will consider the parties' motions in light of these standards.

**GAI Motion:**   GAI argues that as a matter of law, it is not liable to Plaintiff for any fraud committed by Mr. Z, because that fraud did not affect the title to the vehicle purchased by Plaintiff.  According to GAI, the bond that a vehicle dealer must purchase under § 66-4-7 is intended to cover only failure of title or fraud affecting the title of a vehicle sold by the dealer. Since Mr. Z's alleged fraud in this case did not affect the title to the vehicle, but only its value,

GAI maintains the bond does not protect the dealer's customers from that fraud.  GAI's position has been rejected by this Court, by other federal judges in this district, and by at least two state district judges. *See Rubio v. Bob Crow Chrysler-Plymouth-Dodge, Inc.*, 145 F.Supp.2d 1248 (D.N.M. 2001) (misidentifying district judge as Judge Hauser, rather than Judge Hansen); *see also* Exhs. D, E, F, Pltf. Resp. to MSJ.  Furthermore, GAI's position is contrary to the plain language of the statute, which states that the dealer's bond is for the payment of any "loss, damage and expense" occasioned "by reason of failure of the title of the vendor, by any fraudulent misrepresentations or by any breach of warranty as to freedom from liens on the motor vehicle" sold by the vendor.  The Court is not convinced by GAI's argument that reading this provision to cover three different circumstances (failure of title, fraudulent misrepresentations, or breach of warranty as to freedom from liens) renders parts of the provision superfluous.  Therefore, the Court will follow our decisions and the decisions of the state district courts that have addressed this question.  The bond provided by GAI as surety is not limited to misrepresentations that affect the title of the vehicle sold to Plaintiff; for that reason, GAI's motion for summary judgment will be denied.

**Plaintiff Motion:**  Plaintiff contends there is no reason for a trial in this case, because GAI's liability has been fixed by the default judgment entered against GAI's principal, Mr. Z.  GAI, on the other hand, argues it has a right to raise substantive defenses to Plaintiff's claims of fraud, despite the fact that its principal has defaulted.  The case law addressing this issue tends to depend heavily on the particular factual and procedural circumstances of each case.  It is therefore necessary to state the situation in this case quite specifically:  (1) GAI has been sued as a defendant in the same case as its principal; (2) neither the applicable statute nor the bond issued

by GAI makes GAI liable for any judgment entered against the principal; instead, GAI is liable for any damages caused by the principal's violation of § 66-4-7 [Exh. A, Pltf. MSJ]; (3) GAI had notice of the lawsuit and has participated in it; however, no hearing on the merits has yet been held, although GAI has had an opportunity to challenge the amount of damages awarded against Mr. Z; (4) GAI has continuously maintained that it has the right to raise any defenses Mr. Z might have had against Plaintiff's claims, despite Mr. Z's default; and (5) the bond issued by GAI provides that GAI has the right to "adjust, satisfy, compromise any claim, demand, suit or judgment upon said bond."

Plaintiff first argues that GAI is estopped by statute from challenging the factual basis for Plaintiff's claims against Mr. Z. Plaintiff cites NMSA § 46-6-5 in support of this argument. However, § 46-6-5 merely states that a surety company may not "deny its corporate power to execute or guarantee such instrument or assume such liability." This provision does not say that a surety may not litigate the underlying liability of its principal, or say anything at all about a surety company's ability to raise defenses that its principal might have been able to raise. Since GAI is not claiming that it had no corporate power to issue the bond to Mr. Z, § 46-6-5 does not apply to this case.

Plaintiff also argues that two New Mexico Supreme Court cases decided in the 1960's establish that a surety company is absolutely bound by any judgment obtained against the surety's principal, under any circumstances. Plaintiff relies on *State v. Glens Falls Ins. Co.*, 78 N.M. 435, 432 P.2d 400 (1967), and *Yoakum v. Western Cas. and Surety Co.*, 75 N.M. 529, 407 P.2d 367 (1965). Close examination of each of these cases reveals that neither is dispositive of the issue present in this case.

In *Yoakum*, the lawsuit giving rise to the appeal was not simply a suit between a vehicle buyer, the dealer, and the surety; instead, there was another party to the case, a bank holding a lien on the vehicle in question. In the district court proceedings the bank obtained a judgment against the buyer for the amount still owed on the vehicle by the dealer; the buyer was then awarded judgment against the dealer and the surety for the amount of money needed to pay off the bank, plus other expenses incurred by the buyer. The buyer did not appeal the judgment obtained by the bank; instead, the surety appealed and attempted to claim that the bank should not have been given judgment against the buyer. The Supreme Court held as follows: (1) the judgment in favor of the bank, against the buyer, established that the buyer had been damaged by the dealer's actions; (2) that judgment, which was not appealed by the buyer, was final as between the parties to the case; and (3) the surety could not in effect appeal on behalf of the buyer by raising challenges on appeal to the judgment awarded to the bank. 75 N.M. at 531-32. Interestingly, the Supreme Court noted that "[s]urety could have preserved the right" to have the correctness of the trial court's decision reviewed on appeal, and "[h]aving failed to do so, it should not be heard to deny that it is bound by the undertakings of its bond." 75 N.M. at 532. This language indicates the Court would not have found the surety automatically liable for any judgment obtained by the buyer, but did so in this case only because the judgment was final as between the bank and the buyer, and had not been cross-appealed by anyone.

The Supreme Court in *Glens Falls* addressed a situation involving a contractor's bond, and a statute requiring such a bond to pay *judgments* obtained against the contractor. The surety in *Glens Falls* was sued in a separate action after three judgments had previously been obtained against the surety's principal. The surety attempted to challenge the validity of one aspect of

5

these judgments, the inclusion of attorney's fees; the Supreme Court, however, held that the surety could not collaterally attack the judgments.  78 N.M. at 436.  In doing so, the Court emphasized the fact that the bond in question required the surety to pay any *judgment* obtained against the principal.  The Court also quoted from a treatise on suretyship, which discussed the fact that if the surety's promise is expressly conditioned on the recovery of a judgment against the principal, the existence of such a judgment is conclusive as to the surety's liability on the bond.  However, where the surety's promise is to pay only for "debts or defaults" of the principal, "there is a wide difference of opinion" among courts as to the effect of a judgment obtained against the principal.  *Id.*

The bond in the case before this Court, unlike the bond in *Glens Falls,* is conditioned upon the principal's performance of its statutory obligations, not simply upon the existence of any judgment obtained against the principal.  Therefore, the *Glens Falls* case is not binding and it becomes necessary to examine the "wide difference of opinion" among courts as to the effect of a judgment against the principal in cases involving such bonds.

Plaintiff argues the general rule is as follows:  absent fraud or collusion, "a surety is bound by any judgment against its principal, default or otherwise, when the surety had full knowledge of the action against the principal and an opportunity to defend."  *Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1235 (11th Cir. 2000).  After reviewing a number of cases, the Court agrees that there is a substantial amount of authority supporting such a rule, as long as the notice-and-opportunity-to-be-heard requirement is met.  *See, e.g., American Safety Cas. Ins. Co. v. C.G. Mitchell Constr., Inc.*, 601 S.E.2d 633, 639 (Va. 2004); *Int'l Fidelity Ins. Co. v. Prestige Rent-A-Car, Inc.*, 715 So.2d 1025, 1029 (Fla. App. 1998); *Trinity Universal Ins. Co. v. Briarcrest*

*Country Club Corp.*, 831 S.W.2d 453, 455 (Tex. App. 1992); *All Bay Mill & Lumber Co., Inc. v. Surety Co. of the Pacific*, 208 Cal.App.3d 11, 18 (1989); *Kentucky Ins. Guar. Ass'n v. Dooley Constr. Co.*, 732 S.W.2d 887, 888 (Ky. App. 1987).[1] Under this rule, however, it is not enough that the surety merely was a party to the case; the surety must have had a reasonable opportunity to contest the merits of the case, or to prevent a default judgment from issuing against its principal, before it will be bound by a judgment issued against the principal. *See, e.g., American Safety, supra* (surety bound by default judgment entered against principal as a discovery sanction, where surety had right to ensure principal complied with discovery orders, but failed to do anything to exercise that right); *Drill South, supra* (surety bound by default judgment against principal where surety was given numerous opportunities to step in and defend the merits of the claims against its principal); *Kentucky Ins., supra* (surety bound by default judgment against principal where surety had four years to defend the action and raise relevant issues, but neglected to do so). Where the surety actively litigated the merits, or was not responsible for the principal's actions during the litigation, the surety has not been bound by a default judgment issued against the principal. *See, e.g., Trinity Universal*, *supra* (where there was issue of fact as to whether surety had adequate opportunity to litigate merits and prevent default from issuing against principal, summary judgment against surety was not appropriate); *All Bay, supra* (where surety litigated merits and won, after principal had defaulted, judgment against principal was not binding

---

[1] There is at least one notable exception to this general rule, a case in which a South Carolina court held the surety on a motor vehicle dealer's bond liable for a judgment against the dealer, even though the surety had no notice of the lawsuit against the dealer or opportunity to defend that lawsuit. *Cooper v. Beauliau*, 426 S.E.2d 819, 820-21 (S.C. App. 1992). Even though this case was decided in the same context as the case currently before the Court, the principle relied on is a minority position and appears lacking in fairness. Furthermore, Plaintiff has not argued for such an extreme position.

on surety); *Gearhart v. Pierce Enters., Inc.*, 779 P.2d 93, 95 (Nev. 1989) (where surety was not responsible for principal's failure to comply with discovery order, default judgment against principal was not binding on surety).

Plaintiff contends that GAI did have the requisite notice and opportunity to defend in this case, but waived its right to defend. The Court agrees GAI was given notice of the default against Mr. Z, and of the hearing on damages resulting from that default. However, GAI has insisted at all times that it has the right to raise substantive defenses to Plaintiff's claims against Mr. Z. For example, after the clerk's default was issued against Mr. Z, the parties entered into a provisional discovery plan, engaged in discovery, and filed an initial pretrial report indicating the issues to be litigated included the merits of Plaintiff's claims. [Docs. 11, 18, 20, 24] When GAI filed its brief on the damages question, GAI continued to insist that it had the right to raise any defenses Mr. Z could have raised against Plaintiff's claims. [Doc. 40] Finally, at the hearing on damages, GAI again asserted that position. It would be anomalous to hold that GAI has waived its right to litigate the merits of Plaintiff's claims, when GAI has continually maintained that it has that right and wishes to exercise it. The mere fact that GAI did not assert this right as a reason not to grant a default judgment against Mr. Z cannot be considered a waiver of the right; to do so would exalt form over substance.[2]

---

[2]In other words, Plaintiff appears to be arguing that GAI waived its right to litigate the merits merely by allowing a default judgment to be issued against its principal. Plaintiff's position apparently is that GAI should have expressly told the Court not to issue a default judgment against Mr. Z because that default might cost GAI its opportunity to contest the merits of Plaintiff's claims against Mr. Z. Since GAI continually asserted its right to litigate the merits and was not responsible for Mr. Z's default, the Court does not agree with this argument.

In sum, the Court agrees that the rule argued for by Plaintiff applies to this case, but disagrees with Plaintiff's proposed application of that rule. GAI as the surety has appeared in this case, performed discovery on the merits, and asserted its right to litigate the merits of Plaintiff's case against Mr. Z, GAI's principal. Furthermore, GAI did not neglect its duties during litigation or fail to exercise some power it might have had to force Mr. Z to answer the complaint. This case therefore fits into the line of cases in which the surety was not responsible in any way for the principal's default, and was attempting to litigate the merits as a defense to its own liability. Accordingly, the default judgment issued against Mr. Z cannot be considered binding on GAI. For this reason, Plaintiff's motion for summary judgment will be denied.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Defendant GAI's motion for summary judgment (Doc. 46) and Plaintiff's motion for summary judgment (Doc. 53) be, and hereby are, DENIED.

**DATED** at Albuquerque this 23rd day of May, 2005.

                                                    BRUCE D. BLACK
                                                    United States District Judge

**Attorneys:**

**For Plaintiff**
Susan Warren

**For Defendant Great American Insurance Company**
Deron B. Knoner